**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JERARD J. MURPHY, | Civil Action No.: 18-9560 (JLL) |
| Plaintiff, | **ORDER** |
| v. | |
| SPARTA TOWNSHIP POLICE DEPARTMENT, *et al.*, | |
| Defendants. | |

IT APPEARING THAT:

1. On February 6, 2018, Plaintiff filed an action in the Superior Court, Sussex County, Law Division, Civil Part under Docket Number SSX-L-68-18. (ECF No. 1-2 at Exhibit A). On April 9, 2018, Defendants filed a Motion to Dismiss in State Court. (Id. at Exhibit B). The State Court granted Defendants' Motion to Dismiss and dismissed all of Plaintiff's Complaint, with the exception of his claim for Malicious Prosecution, on May 3, 2018. (Id. at Exhibit C). On May 18, 2018, Plaintiff filed an Amended Complaint alleging, *inter alia*, a violation of his rights under the United States Constitution pursuant to 42 U.S.C. § 1983. (Id. at Exhibit E).

2. On May 22, 2018, Defendants removed the action to this Court asserting that this Court had original jurisdiction over Plaintiff's § 1983 claim pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over his state law claims pursuant to 28 U.S.C. § 1367. (ECF No. 1).

3. On May 29, 2018, Defendants filed a Motion to Dismiss Plaintiff's Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6). (ECF No. 4). On June 18, 2018, Plaintiff filed an Opposition to Defendants' Motion to Dismiss and Cross-Motion to Remand. (ECF No. 6). In his Cross-Motion, Plaintiff explains that his § 1983 claim is identical to his claim

under the New Jersey Civil Rights Act, and is therefore redundant and unnecessary. (Id. at 21). Accordingly, Plaintiff withdrew his § 1983 claim. (Id.).

4.  The Court finds that remand here is appropriate. Here, the only basis for this Court to exercise original jurisdiction of this matter was Plaintiff's § 1983 claim. However, that claim has been voluntarily abandoned. Hence, the Court is now without original jurisdiction. Thus, the question becomes whether the Court should exercise supplemental jurisdiction over the remaining state court claims. The Third Circuit has held that under "28 U.S.C. § 1441(c), the District Court has the discretion to remand state law claims or to exercise supplemental jurisdiction." *Williams v. Newark Beth Isr. Med. Ctr.*, 322 F. App'x 111, 112 (3d Cir. 2009). "[I]n cases [where] all federal-law claims are eliminated before trial . . . declining to exercise jurisdiction over the remaining state-law claims" is reasonable. *Gibson v. Vive Spa & Salon, LLC*, 2012 WL 4035152, at *2 (D.N.J. 2012). District Courts routinely remand actions when a Plaintiff abandons all federal law claims, especially at an early stage of litigation. For example, in *Collins v. Stevens Institute of Technology*, the district court remanded when the federal claims were removed from the operative complaint because the state court was "the more appropriate forum" to resolve state grievances. *Collins v. Stevens Inst. Of Tech.*, 2016 U.S. Dist. LEXIS 116531, at *15 (D.N.J. Aug. 3, 2016). Thus, it is apparent that this Court lacks original subject matter jurisdiction over the action. Additionally, remand is appropriate as the Superior Court of New Jersey is "the more appropriate forum" to resolve Plaintiff's remaining state court claims. For these reasons,

IT IS THEREFORE on this ___16th___ day of July, 2017

**ORDERED** that Defendants' Motion to Dismiss (ECF No. 4) is hereby DENIED WITHOUT PREJUDICE; and it is further

**ORDERED** that Plaintiff's Cross-Motion to Voluntarily Abandon Count I of his Amended Complaint and Remand the Action to the Superior Court of New Jersey, Sussex County, Law Division, Civil Part (ECF No. 6) is hereby GRANTED; and it is further

**ORDERED** that this matter is hereby remanded to Superior Court, Sussex County, Law Division, Civil Part; and it is further

**ORDERED** that the Clerk of the Court shall mark this matter CLOSED.

**SO ORDERED.**

JOSE L. LINARES
Chief Judge, United States District Court